UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Lee D. Hudelson,

        Plaintiff,

v.

Berkshire Life Insurance Company
of America,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-3220 ADM/RLE

David A. Arndt, Esq., Matonich & Persson, Hibbing, MN, appeared on behalf of Plaintiff.

Terrance J. Wagener, Esq., Messerli & Kramer P.A., Minneapolis, MN, appeared on behalf of Defendant.

## I. INTRODUCTION

On March 3, 2010, the undersigned United States District Judge heard oral argument on Plaintiff Dr. Lee D. Hudelson's ("Dr. Hudelson") Motion to Remand [Docket No. 7]. For the reasons set forth below, the action is dismissed.

## II. BACKGROUND[1]

Defendant Berkshire Life Insurance Company of America ("Defendant") issued a disability insurance policy to Dr. Hudelson. Notice of Removal [Docket No. 1], Attach. 1 (Compl.) ¶¶ 1-6. Dr. Hudelson alleges that he became permanently disabled under the terms of the policy on or about April 4, 2008. Id. ¶ 4. Defendant paid monthly benefits of $1,700 until December 22, 2008, when it refused to make further payments under the policy. Id. ¶ 6.

---

[1] In considering a motion to remand, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939)).

On October 29, 2009, counsel for Dr. Hudelson sent a letter to Defendant alleging wrongful termination of the disability benefits. Arndt Aff. [Docket No. 10] ¶ 2, Ex. A. Attached to the October 29, 2009 letter was a copy of a Minnesota state court summons and complaint and an acknowledgment of service form. Id. Defendant never returned the acknowledgment of service form but filed the Notice of Removal on November 18, 2009.

### III.  DISCUSSION

**A.  Motion to Remand Standard**

A case shall be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). When considering a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. See id.

**B.  Commencement**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district . . . embracing the place where such action is pending." In other words, "[a] civil case *commenced* in state court may, as a general matter, be removed . . . to federal district court, if the case could have been brought there originally." See Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005) (emphasis added). The plain language of § 1441 assumes a pending civil action that has been commenced in state court. Several courts have recognized the axiomatic principle that a dispute is not removable until the plaintiff actually

2

commences a civil action in state court. See In re Arbitration between Children's Dress, Infant's Wear, HouseDress and Bathrope Makers' Union, Local 91, ILGWU and Frankow Mfg. Co., 183 F. Supp. 671, 672 (S.D.N.Y. 1960) ("[T]hat suit has not been 'commenced' in this court, nor has it as yet touched a state court from whence it could . . . be removed . . . . [N]or in any event could [petitioner] remove this suit since it has not been 'brought' in a state court within the meaning of . . . § 1441(a)."); Minkoff v. Budget Dress Corp., 180 F. Supp. 818, 822 (S.D.N.Y. 1960) ("Under the federal law[,] a case is not ripe for removal unless it has been 'brought' and is 'pending' in a state court."); Minkoff v. Scranton Frocks, Inc., 172 F. Supp. 870, 876 (S.D.N.Y. 1959) ("The proceeding . . . was not in the state court at . . . the time the notice was served," and "it could not be predicted whether the proceeding would ever come before any court. It is brought in the state court when that court is first asked to participate in the proceeding . . . . Until . . . the court is in some . . . way requested to intervene, the proceeding is not removable."); see also Chase v. California, No. C 97-3696-CRB, 1998 WL 241551, at * (N.D. Cal. May 6, 1998) ("Contrary to [the petitioner's] apparent understanding, . . . a civil action is not commenced simply by fiat; [the petitioner] must, in fact, file a civil claim in state court. [The petitioner] has not done this. Hence, there is no removable civil action as required by section 1441.").

In Minnesota, a civil action is "commenced" or "brought" in one of three ways: (1) when the summons is served upon the defendant; (2) at the date of acknowledgment of service if service was made by mail; or (3) when the summons is delivered to the sheriff in the county where the defendant resides. Minn. R. Civ. P. 3.01. Dr. Hudelson attempted the second method of service by mailing a copy of the summons and complaint to Defendant along with an

3

acknowledgment of service form. As Rule 3.01 makes clear, when service is made in that manner, an action does not commence until the defendant returns the acknowledgment of service. Here, Defendant never returned the acknowledgment of service, and, thus, no action was ever commenced. See Hajjiri v. First Minn. Savings Bank, F.S.B., 25 F.3d 677, 678 (8th Cir. 1994) (holding that when a plaintiff attempted service by mail under Minn. R. Civ. P. 3.01 but the defendant refused to return the enclosed acknowledgment of service, the action had not yet been commenced for purposes of determining whether the action was timely commenced). Because no civil action had been commenced in state court, there was nothing to remove to this Court.[2]

**C.      Diversity Jurisdiction**

Dr. Hudelson argues that this matter should be remanded for the additional reason that the Court lacks subject matter jurisdiction over this diversity action because the amount in controversy is less than the $75,000 jurisdictional threshold. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ."). The Court's conclusion that removal was improper because the action was not commenced renders it unnecessary to decide whether the amount in controversy exceeds $75,000.

---

[2] For the first time at oral argument, Defendant argued that whether an action was "commenced" is, at most, a technical, procedural defect to the attempted removal and, thus, Dr. Hudelson's contention that removal was improper because the action was not "commenced" in state court is untimely because it was not raised within thirty days after the notice of removal was filed. See 28 U.S.C. § 1447(c) ("A motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."). The challenge regarding whether the action was commenced is not merely a technical, procedural defect unrelated to subject matter jurisdiction.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the action is **DISMISSED**.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 8, 2010.

---

[3] The manner in which this matter was removed requires the Court to dismiss the matter rather than remand it back to state court.  The matter was never commenced in state court, and, consequently, the Court cannot remand it back to a place it has never been.